FILED
2015 Sep-24 AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WESLEY BOX, an individual, SHERIE BOX, an individual** | ) | |
| **Plaintiffs,** | ) | **Civil Action No.:** |
| **v.** | ) | |
| **PLANET HOME LENDING, LLC, a corporation;** | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

**COME NOW** Plaintiffs Michael Wesley Box and Sherie Box (hereinafter "Plaintiffs") by and through their attorneys of record and file their Complaint against Defendant and state as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendant's repeated violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and by violations of state law by the Defendant and its agents. This Honorable Court has federal question jurisdiction and diversity jurisdiction over these diverse parties.

## PARTIES

2. Plaintiffs Michael Wesley Box and Sherie Box are residents of this Judicial District, and are over the age of 19.

3. Defendant Planet Home Lending, LLC ("Defendant" or "Planet") in this action is a foreign corporation doing business in this Judicial District, and is considered a "servicer" under RESPA. It conducts business in Alabama. Its principal place of business is in the State of Florida and it is incorporated in Delaware.

## BACKGROUND INFORMATION ON MORTGAGE SERVICING CASES

4. In recent years many of the abusive and illegal practices of mortgage companies have come to light, including the rampant "robo signing" and "dual tracking," all of which led to government action against servicers and the amendments on Regulation X (RESPA) effective January 2014.

5. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

6. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation

Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

7. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

8. The Defendant in this case is subject to the Regulations and does not qualify for any of the exceptions noted in the Regulations.

9. The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiffs have a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorneys' fees.

10. While the mortgage companies have been vehement in their attacks on the CFPB and Regulation X, which overhauled the loss mitigation process and provided for “Notices of Errors” and “Requests For Information,” as replacements for the old “Qualified Written Requests,” the mortgage industry (including Defendant Planet) knows what the requirements are of this law.

11. The surprising fact is how often mortgage companies like Defendant Planet are willing to violate RESPA along with state law.

12.   This case is a perfect example of what is happening across the country and this state.

## STATEMENT OF FACTS

13.   Plaintiffs had a consumer debt in the form of a residential loan which Defendant Planet began servicing and collecting on the loan.

14.   Defendant Planet has collected on, threatened to foreclose on, and did in fact foreclose on Plaintiffs' property on August 19, 2014.

15.   All actions of Defendant Planet are illegal.

16.   Plaintiffs invoked the loss mitigation procedures in a timely manner allowed but Defendant Planet refused to allow Plaintiffs to exercise their rights to loss mitigation to avoid the foreclosure.

17.   This was done so Defendant Planet could continue to "dual track" Plaintiffs into a foreclosure.

18.   This violates the law and constitutes illegal "dual tracking" which is where a mortgage servicer (such as Defendant Planet) proceeds with foreclosure when a consumer requests loss mitigation.

19.   Plaintiffs sent fifteen (15) separate letters to Defendant Planet under the "Request for Information" and "Notice of Error" provisions of RESPA in Regulation X that came into effect January 2014.

20.   These letters were sent to gather information to determine why Defendant Planet took certain actions, why it committed certain errors, to request Defendant Planet fix errors, and otherwise for Plaintiffs to exercise their rights under RESPA.

21.   These letters were received, by certified mail, by Defendant Planet on September 18, 2014.

22.   The Plaintiffs incurred actual expenses, costs and damages including, but not limited to, the postage costs of mailing the letters (and the follow up letters), gas money, mileage money travelling to the post office, and other costs and expenses and damages that will be identified in discovery.

23.   These letters were mailed to the address specified by Defendant Planet to receive Request for Information and Notice of Error letters.

24.   Defendant Planet failed on all the letters to acknowledge receipt of them within five business days as required by RESPA.

25.   Defendant Planet failed to substantively respond within thirty business days of receiving the letters to most of the letters.

26.   Because Plaintiffs did not receive any response to most of the letters, and the responses sent to a few of the letters were inadequate under RESPA, Plaintiffs sent a second set of letters.

27.   Plaintiffs sent approximately nine (9) additional letters, which were signed for by Defendant Planet on December 22, 2014.   [All 24 of the RESPA letters are attached as "Exhibit A" to this Complaint].

28.   The deadline for Defendant Planet to acknowledge receipt was December 30, 2014.

29.   No such acknowledgment occurred.

30.   Defendant Planet did respond on January 6, 2015, but the responses were inadequate under RESPA and violate RESPA just as the responses to the first set of letters violated RESPA.

31.   Defendant Planet has a pattern and practice of failing to properly respond to Request for Information and Notice of Error letters from consumers such as the Plaintiffs.

32.   This allegation is supported by other suits and/or complaints against Planet and by the repeated refusal by Defendant Planet to timely and properly respond to the multiple letters sent to it by Plaintiffs.

33.   This is not an oversight or a mistake on the part of Defendant Planet but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with an alleged mortgage loan.

34.   Defendant Planet believes that very few, if any, consumers will take action based upon its refusal to properly and timely respond to letters sent to it pursuant to Regulation X under RESPA and to Defendant Planet's other violations of RESPA set forth above.

35.   The actions and inactions of Defendant Planet violate RESPA.

36.   The actual foreclosure itself was illegal and not authorized by the mortgage and note that require that the law be followed and RESPA prohibited the foreclosure after Plaintiffs made a timely loss mitigation application.

37.   The shock, dismay, fear, anger, embarrassment, humiliation, sense of betrayal, and outrage felt and experienced in the Plaintiffs' bodies, minds, and hearts, is difficult to describe as Defendant Planet has foreclosed and refused to provide requested information and has refused to correct its errors, including the foreclosure and the refusal to provide loss mitigation.

38.   Plaintiffs allege that the alleged assignments between the original lender, and any other entity are defective, void, or otherwise unenforceable.

39.   Plaintiffs contend that any alleged transfer was wrongful, illegal, in violation of law and the documents governing the relationship between Plaintiffs and the owners of their mortgage.

40.   As a direct result of the acts complained of, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to their

reputation, economic and emotional damages and claim from Plaintiff all damages allowable under the law.

41. All employees and agents of Defendant Planet acted within the line and scope of their employment and/or agency relationship with Defendant Planet.

**COUNT I.**

**VIOLATIONS OF RESPA**

42. Defendant failed to confirm or otherwise acknowledge receipt of many of the Request for Information and Notice of Error letters within the time period required by the law.

43. RESPA requires the Defendant Planet to send the Plaintiffs a written acknowledgement saying that the Defendant Planet received the Request for Information from the Plaintiffs.

44. The written acknowledgement had to be provided to the Plaintiffs within five (5) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

45. Defendant Planet failed to follow this law.

46. Substantive responses are required to be sent to Plaintiffs by Defendant Planet within thirty (30) business days of receipt of the requests for

information. The Defendant Planet has not provided the Plaintiffs with a substantive response to the letters sent to it in a timely fashion and has not corrected its errors.

47. Defendant Planet also violated the prohibition on "dual tracking" by refusing to stop the foreclosure procedure after Plaintiffs requested loss mitigation in a timely manner.

48. The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as, for example, it failed to comply with multiple letters from Plaintiffs, repeatedly failed to follow the loss mitigation rules, and, on information and belief, has been sued or otherwise has had complaints against it for failing to respond to other similar requests under Regulation X, including qualified written requests[1].

49. As a result of this lack of compliance by the Defendant, Defendant is liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

50. The violations of the law by Defendant Planet set forth in this count and in paragraphs 3 and 13-41 of the Complaint have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery

[1] Qualified Written Requests still exist but for practical purposes have been replaced with requests for information and notices of errors.

## COUNT II.

## WANTON CONDUCT

51. Defendant Planet had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

52. Defendant Planet had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

53. Defendant Planet acted with wanton conduct in its dealings with and about Plaintiff as set forth in this Complaint at paragraphs 13-41, which includes foreclosing when it was illegal to do so.

54. Defendant Planet violated all of the duties Defendant Planet had and such violations were made wantonly.

55. It was foreseeable, and Defendant Planet did in fact foresee it, the actions of Defendant Planet would lead and did lead to the exact type of harm suffered by Plaintiff.

## COUNT III.

## INVASION OF PRIVACY

56. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant Planet violated Alabama state law as described in this Complaint.

57. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

58. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

59. Defendant Planet and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

60.   Defendant Planet and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt including foreclosing on Plaintiffs when there was no right to do so.

61.   The plan and scheme carried out by Defendant Planet exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

62.   Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

63.   The conduct of Defendant Planet and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendant Planet which occurred in a way that would be highly offensive to a reasonable person in that position.

64.   As a result of such intrusions and invasions of privacy (including the facts alleged in paragraphs 13-41 of the Complaint) Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant Planet.

65.   All acts of Defendant Planet and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Planet is subject to punitive damages.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff having set forth their claims for relief against the Defendant Planet, respectfully pray of the Court to award over $75,000 and other relief as follows:

a.   That Plaintiffs have and recover against the Defendant Planet a sum to be determined by a jury of their peers in the form of actual/compensatory damages;

b.   That Plaintiffs have and recover against the Defendant Planet a sum to be determined by a jury of their peers in the form of nominal damages;

c.   That Plaintiffs have and recover against the Defendant Planet a sum to be determined by a jury of their peers in the form of statutory damages;

d.   That Plaintiffs have and recover against the Defendant Planet a sum to be determined by a jury of their peers in the form of punitive damages;

e.   That Defendant Planet be enjoined from further violations of the law against Plaintiffs;

f.   That Plaintiffs have reasonable attorney's fees, costs, expenses; and

g. That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiffs**

**Please serve Defendant by certified mail at the following address:**

Planet Home Lending, LLC
c/o CSC Lawyers Incorporating SVC Inc.
150 South Perry Street
Montgomery, Alabama 36104

# EXHIBIT

# "A"

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Notice of Error
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please accept this letter as our notice of error for the foreclosure, which occurred on or about August 19, 2014.

We were not behind, or if we were, we were not as behind as you said. You had no justification to foreclose on us.

Please tell us in writing how you are going to fix this error and when you will fix it. This foreclosure should never have occurred and needs to be undone immediately. We do not want to lose our house and we are eager for you to fix this error.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

[illegible]

7009 3410 0000 0268 4950

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

When do you say the automatic stay in our bankruptcy case was lifted? Please also explain why you think the automatic stay was lifted. We need to know this because we are trying to figure out why you foreclosed on us while we were in bankruptcy.

Sincerely,

Michael Wesley Box

Sherie Box



7014 0510 0002 3982 0725

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide an Itemized Payoff Statement related to the above referenced loan.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7014 0510 0002 3982 0671

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

**To Whom It May Concern:**

On every property inspection, property preservation, statutory expense advance, or other fee put against us, explain to us the following:

- Who did the inspection or preservation
- Why the inspection or preservation was done
- How much you paid for the inspection or preservation in actual dollars – not just some type of accounting but real dollars
- What the inspection or preservation revealed
- Give us copies of all inspection or preservation reports or paperwork however described
- Where in the Note or Mortgage it gives you the right to charge us an inspection or preservation fee and under what circumstances you can do so and for how much
- The same is true for any "statutory expense advance" and any other charges

Thank you for helping us to understand these charges.

Sincerely,

Michael Wesley Box

Sherie Box

7014 0510 0002 3982 0732

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide the following information regarding the above referenced loan:

1. The identity of and address for the current owner of the mortgage loan identified herein.

2. The identity of and address for the master servicer of the mortgage loan identified herein.

3. The identify of and address for the current servicer of the mortgage loan identified herein.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

7014 0510 0002 3982 0688

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide the following information regarding the above referenced loan.

The Pooling and Servicing Agreement in its entirety or you can provide the following parts of the PSA:

- The portion of the PSA that includes any discussion or mention of loss mitigation options;

- The loan schedule (however named) that shows our loan is included in the PSA. Note this is not a request for a re-created loan schedule but is a request for the actual loan schedule listing all loans, including our loan, so we can determine if it is in the PSA that you send to us.

This information is needed, as we want to make sure we are being considered for all loss mitigation options that are available to any borrower of any loan within the PSA.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

7014 0510 0002 3982 0695

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Identify all loss mitigation options that are possible on this loan. This includes options to keep the home and also those options that do not include keeping the home.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7014 0510 0002 3982 0701

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide to us the list of loss mitigation options that we have been considered for and explain the outcome of each option.

I am also requesting that you provide all documents which you reviewed or considered in all loss mitigation options review(s).

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

[illegible]

[illegible]

[illegible]

7014 0510 0002 3982 0718

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide to us a copy of the complete servicing file for the above referenced account.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

[illegible]

[illegible]

7014 0510 0002 3982 0664

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide to us an itemized reinstatement amount for the above referenced loan.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

7014 0510 0002 3982 0756

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Notice of Error
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

You committed an error in rejecting each and every payment that you have rejected since you began servicing this loan.

Please fix all of these errors and let us know if you still claim we are behind after you have properly credited our account with the rejected payments.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7014 0510 0002 3982 0763

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide to us a list of all of our checks or payments that you have returned to us. For each check or payment, explain why you returned it.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

[illegible]

[illegible]

7014 0510 0002 3982 0770

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide to us a list of all money that you have received from the Bankruptcy Court or Trustee, when you received it, when you applied the payment to our account, and the amount you applied to our account.

Let us know if you claim we are late on any payments made through the Bankruptcy Court or that should have been made through the Bankruptcy Court.

Finally, let us know the exact amount that you claim is still owed by us that should be paid through the Bankruptcy Court.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

7014 0510 0002 3982 0787

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

Please provide to us an itemized life of loan transaction statement for the above referenced loan. This includes the current mortgage balance, the receipt of all payments, the date that the payment was physically received by you or anyone acting on your behalf, the date the payment was credited to our account, the assessment of any late fees or charges of any type and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge.

Please attach a complete list of all codes used and state in plain English a short description for each such code.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

7014 0510 0002 3982 0749

September 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Notice of Error
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

It is our view that you are in error if you have taken the position that the automatic stay was lifted and we asked that you fix this, including voiding the foreclosure which never should have occurred.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

7014 0510 0002 3982 0657

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sheric Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

**To Whom It May Concern:**

This is our second and final request. On every property inspection, property preservation, statutory expense advance, or other fee put against us, explain to us the following:

- Who did the inspection or preservation
- Why the inspection or preservation was done
- How much you paid for the inspection or preservation in actual dollars – not just some type of accounting but real dollars
- What the inspection or preservation revealed
- Give us copies of all inspection or preservation reports or paperwork however described
- Where in the Note or Mortgage it gives you the right to charge us an inspection or preservation fee and under what circumstances you can do so and for how much
- The same is true for any "statutory expense advance" and any other charges

Thank you for helping us to understand these charges.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6777

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Please provide to us a list of all of our checks or payments that you have returned to us. For each check or payment, explain why you returned it.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6784

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Please provide to us a copy of the complete servicing file for the above referenced account.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6791

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Please provide to us the list of loss mitigation options that we have been considered for and explain the outcome of each option.

We are also requesting that you provide all documents which you reviewed or considered in all loss mitigation options review(s).

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6807

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Identify all loss mitigation options that are possible on this loan. This includes options to keep the home and also those options that do not include keeping the home.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6814

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Please provide the following information regarding the above referenced loan.

The Pooling and Servicing Agreement in its entirety or you can provide the following parts of the PSA:

- The portion of the PSA that includes any discussion or mention of loss mitigation options;
- The loan schedule (however named) that shows our loan is included in the PSA. Note this is not a request for a re-created loan schedule but is a request for the actual loan schedule listing all loans, including our loan, so we can determine if it is in the PSA that you send to us.

This information is needed, as we want to make sure we are being considered for all loss mitigation options that are available to any borrower of any loan within the PSA.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

[illegible]

7013 0600 0002 4321 6821

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Please provide the following information regarding the above referenced loan:

1. The identity of and address for the current owner of the mortgage loan identified herein.

2. The identity of and address for the master servicer of the mortgage loan identified herein.

3. The identify of and address for the current servicer of the mortgage loan identified herein.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6838

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Please provide to us a list of all money that you have received from the Bankruptcy Court or Trustee, when you received it, when you applied the payment to our account, and the amount you applied to our account.

Let us know if you claim we are late on any payments made through the Bankruptcy Court or that should have been made through the Bankruptcy Court.

Finally, let us know the exact amount that you claim is still owed by us that should be paid through the Bankruptcy Court.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6845

December 15, 2014

**VIA CERTIFIED MAIL**
Planet Home Lending, LLC
Attn: Request for Information
321 Research Parkway Suite 303
Meriden, CT 06450

**Re: Michael Wesley and Sherie Box**
**Account# 0708109450**
**Property Address: 290 Poplar Street, Childersburg, Alabama 35044**

To Whom It May Concern:

This is our second and final request. Please provide to us an itemized life of loan transaction statement for the above referenced loan. This includes the current mortgage balance, the receipt of all payments, the date that the payment was physically received by you or anyone acting on your behalf, the date the payment was credited to our account, the assessment of any late fees or charges of any type and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge.

Please attach a complete list of all codes used and state in plain English a short description for each such code.

Thank you for your cooperation in this matter.

Sincerely,

Michael Wesley Box

Sherie Box

7013 0600 0002 4321 6852